# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RORY EVAN VAIL,

        Plaintiff,

v.

SERGEANT ELMORE, SERGEANT STRAUTHER, and SUPERINTENDENT THOMAS,

        Defendants.

Case No. 3:23-cv-00254-SLG

## **SCREENING ORDER**

On November 2, 2023, self-represented prisoner Rory Evan Vail ("Plaintiff") filed a complaint under the Civil Rights Act ("Complaint").[1] On November 11, 2023, the Court notified Plaintiff his filing was deficient and accorded him 30 days to file a civil cover sheet and either pay the filing fee of file a completed application to waive prepayment of the filing fee.[2] On November 27, 2023, Plaintiff filed a completed civil cover sheet and an application to waive prepayment of the filing fee.[3]

---

[1] Dockets 1–2.

[2] Docket 2.

[3] Dockets 3–4.

Plaintiff is a convicted prisoner at Anchorage Correctional Complex East under the control of the Alaska Department of Corrections ("DOC").[4] Plaintiff claims three correctional officers employed by DOC violated his due process rights. Specifically, in Claim 1, Plaintiff alleges that Defendant Sergeant Elmore violated his due process rights on or about September 29, 2023, when Defendant Elmore terminated Plaintiff's phone call with Leslie Vail. Plaintiff claims he called Ms. Vail to confirm he had enough money in his account to cover the monthly payments for a college course he enrolled in.[5] He claims his phone call was terminated, but he was able to call back and speak to Ms. Vail for another few minutes about unrelated topics before that call was terminated. Plaintiff claims when he "tried to call again, the phone number belonging to Leslie Vail was restricted."[6] Plaintiff then submitted a Request for Information ("RFI") and was informed by Defendant Elmore that Plaintiff was restricted from calling Leslie Vail's number "indefinitely" for discussing "movement of monies without superintendent approval" in violation of a DOC policy. Plaintiff claims the college course had been

---

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the docket records of the Alaska Trial Courts and the Alaska Appellate Courts, which may be accessed online at https://courts.alaska.gov/main/search-cases.htm. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019). *See also Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[5] Docket 1 at 3.

[6] Docket 1 at 3.

Case No. 3:23-cv-00254-SLG, *Vail v. Elmore, et al.*
Screening Order
Page 2 of 14
Case 3:23-cv-00254-SLG   Document 6   Filed 04/19/24   Page 2 of 14

approved, and he was not accorded a hearing to disprove the allegation resulting in the restriction. He then filed a grievance.[7]

In Claim 2, Plaintiff alleges on or about October 16, 2023, Defendant Sergeant Strauther, DOC's Facility Standards Officer, screened Plaintiff's grievance regarding the telephone restriction and found it "factually inaccurate and clearly devoid of merit."[8] Plaintiff alleges Defendant Strauther violated his due process rights by denying his grievance. Plaintiff then filed an appeal. In Claim 3, Plaintiff alleges Defendant Superintendent Thomas violated his due process rights on or about October 19, 2023, by denying his appeal and preventing him from appealing to the Director of DOC.[9] Plaintiff believes he should have been afforded a disciplinary hearing before his telephone privileges were restricted or given an opportunity to further appeal the restrictions to a "higher authority."[10] For relief, Plaintiff seeks an order requiring Defendants to remove the restriction preventing him from calling the restricted phone number and a declaration that all restrictions on phone use will be afforded due process and be of limited duration.[11]

The Court now screens the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Although the scope of review generally is limited to the

---

[7] Docket 1 at 3.

[8] Docket 1 at 4.

[9] Docket 1 at 5.

[10] Docket 1 at 4–5.

[11] Docket 1 at 8.

Case No. 3:23-cv-00254-SLG, *Vail v. Elmore, et al.*
Screening Order
Page 3 of 14
Case 3:23-cv-00254-SLG   Document 6   Filed 04/19/24   Page 3 of 14

contents of the complaint, a federal court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] Plaintiff has not included copies of the RFI, grievances, or appeals he filed or the responses from DOC as attachments to his complaint. Plaintiff also has not indicated which policies DOC claims he violated or included copies of those policies, but the Court takes judicial notice of DOC's publicly available policies and procedures (P&Ps), including P&P 810.01, which discusses telephone restrictions.[13] For the reasons discussed below, the Complaint is dismissed for failure to state a claim upon which relief could be granted. However, the Court grants Plaintiff leave to file an amended complaint in accordance with the guidance in this order. With any amended complaint, Plaintiff should include as attachments any available copies of his correspondence with DOC (RFI, grievances, DOC responses, etc.) regarding the alleged events.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[14] In this screening, a court shall dismiss the case at any time if the court determines that the action:

---

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[13] The current DOC policies and procedures are available on DOC's website at https://doc.alaska.gov/commissioner/policies-procedures.

[14] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:23-cv-00254-SLG, *Vail v. Elmore, et al.*
Screening Order
Page 4 of 14

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[15]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[16] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[17] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[18]

## DISCUSSION

### I. Civil Rights Claims under 42 U.S.C. § 1983

To state a claim for relief under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal

---

[15] 28 U.S.C. § 1915(e)(2)(B).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *See Gordon v. City of Oakland,* 627 F.3d 1092, 1094 (9th Cir. 2010) (*citing Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir. 1988)).

[18] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:23-cv-00254-SLG, *Vail v. Elmore, et al.*
Screening Order
Page 5 of 14
Case 3:23-cv-00254-SLG   Document 6   Filed 04/19/24   Page 5 of 14

Constitution or federal statutes.[19] Section 1983 does not confer federal constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[20] Section 1983 does not provide a mechanism for remedying alleged violations of state law[21] or prison policies.[22] A state correctional officer acting within the scope of his employment is a state actor. However, as pleaded, Plaintiff has not stated a plausible claim for a violation of his rights under the U.S. Constitution or federal law. Therefore, the Court must dismiss the Complaint. However, the Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

### A. Due Process Claims under the Fourteenth Amendment

The Fourteenth Amendment provides that the State shall not "deprive any person of life, liberty or property, without due process of the law."[23] The due process clause protects two distinct but related rights: procedural due process and substantive due process.[24] A threshold requirement to both substantive and

---

[19] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[20] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[21] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[22] *Cousins v. Lockyer,* 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)).

[23] U.S. Const. amend. XIV, § 1.

[24] *Albright v. Oliver,* 510 U.S. 266, 272 (1994).

Case No. 3:23-cv-00254-SLG, *Vail v. Elmore, et al.*
Screening Order
Page 6 of 14
Case 3:23-cv-00254-SLG   Document 6   Filed 04/19/24   Page 6 of 14

procedural due process claims is a showing of a protected liberty or property interest.[25]

### 1. Protected Liberty Interests

"A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies.[26] For a person in state custody, state created liberty interests will "be generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[27] A federal court must look to the nature of the deprivation to determine if the state has created some "underlying substantive interest" that rises to the level of a legitimate claim of entitlement.[28] There is no single standard for determining whether a prison hardship is atypical and significant, and the "condition or combination of conditions or factors ... requires case by case, fact by fact consideration."[29] However, recognizing a liberty interest for any change in an inmate's prison conditions "would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of

---

[25] *Stiesberg v. State of Cal.,* 80 F.3d 353, 356 (9th Cir. 1996) (quoting *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.,* 24 F.3d 56, 62 (9th Cir. 1994)).

[26] *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005) (internal citations omitted).

[27] *Sandin,* at 484.

[28] *Johnson v. Ryan*, 55 F.4th 1167, 1193 (9th Cir. 2022) (citing *Town of Castle Rock,* 545 U.S. at 757)

[29] *Keenan,* 83 F.3d at 1089.

Case No. 3:23-cv-00254-SLG, *Vail v. Elmore, et al.*
Screening Order
Page 7 of 14
Case 3:23-cv-00254-SLG   Document 6   Filed 04/19/24   Page 7 of 14

prison administrators rather than of the federal courts."[30]  While many restrictions "may not feel trivial to an inmate who has been isolated and experienced only limited social contact[;] they do not represent a beyond-standard deviation from the ordinary circumstances of prison life" sufficient to implicate a liberty interest under the due process clause.[31]  In sum, the Complaint does not plausibly allege that the phone restriction violates a protected liberty interest under the due process clause.

### 2. Procedural Protections

Only if a protected liberty interest is implicated will a federal court consider whether the alleged deprivation was accompanied by sufficient procedural protections.[32]  Plaintiff claims he should have had a disciplinary hearing before his telephone privileges were restricted.[33]  Plaintiff argues his claims are supported by "Alaska Statutes, the Alaska Constitution, and case law."[34] However, as explained above, Plaintiff has not plausibly alleged a state-created liberty interest to bring a federal constitutional claim under the due process clause. And contrary to Plaintiff's assertion, Defendants do not appear to have violated state law or DOC's

---

[30] *Wilkinson,* at 225

[31] *Cf. Johnson,* at 1196.

[32] *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005) (a court "need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest.").

[33] Docket 1 at 4–5.

[34] Docket 1 at 5.

Case No. 3:23-cv-00254-SLG, *Vail v. Elmore, et al.*
Screening Order
Page 8 of 14
Case 3:23-cv-00254-SLG   Document 6   Filed 04/19/24   Page 8 of 14

P&Ps. Plaintiff's telephone restriction is allegedly based on an individualized determination and not "in connection with placement in administrative segregation or by disciplinary action."[35] Therefore, pursuant to DOC policy, Plaintiff "may only challenge those restrictions by filing a grievance pursuant to [Alaska] DOC P&P 808.03 (Prisoner Grievances)."[36] Plaintiff is not entitled to a disciplinary hearing or any specific procedural protections, and inmates lack a separate constitutional entitlement to a specific prison grievance procedure.[37]

### B. Challenging a Prison Policy

The Ninth Circuit has "stated in dicta that 'prisoners have a First Amendment right to telephone access, subject to reasonable security limitations.' "[38] Liberally construed, the restriction on Plaintiff's telephone usage could implicate a prisoner's rights under the First Amendment. But to the extent Plaintiff seeks to challenge the policy regarding telephone restrictions, he has failed to provide sufficient facts to state a claim upon which relief could be granted.

---

[35] DOC P&P 810.01(I)(4), https://doc.alaska.gov/pnp/pdf/810.01.pdf at page 2.

[36] DOC P&P 810.01(I)(5), https://doc.alaska.gov/pnp/pdf/810.01.pdf at page 2.

[37] *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988)).

[38] *Valdez,* at 1048 (quoting *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir.1996). *But see Overton v. Bazzetta,* 539 U.S. 126, 131 (2003) (freedom of association is among the rights least compatible with incarceration).

Case No. 3:23-cv-00254-SLG, *Vail v. Elmore, et al.*
Screening Order
Page 9 of 14
Case 3:23-cv-00254-SLG   Document 6   Filed 04/19/24   Page 9 of 14

A prison regulation that impinges on an inmate's constitutional right "is valid if it is reasonably related to legitimate penological interests."[39] A federal court must consider four factors in determining whether a prison policy is reasonably related to legitimate penological interests: (1) whether there is a "valid, rational connection" between the regulation and a legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the asserted constitutional right that remain open to the inmates; (3) whether and the extent to which accommodation of the asserted right will have an impact on prison staff, inmates, and the allocation of prison resources generally; and (4) whether the regulation represents an "exaggerated response" to prison concerns.[40]

When considering the reasonableness of a prison regulation, "it [is] important to inquire whether prison regulations restricting inmates' First Amendment rights operated in a neutral fashion."[41] Variations in the enforcement of an otherwise legitimate policy will not always rise to the level of inconsistent application; however, evidence of inconsistent application may be proof that the policy is not neutral.[42] A federal court must then consider whether the unequal

---

[39] *Turner v. Safley,* 482 U.S. 78, 89 (1987).

[40] *Id.* at 89-91.

[41] *Jones v. Slade,* 23 F.4th 1124, 1137 (9th Cir. 2022).

[42] *Id.* at 1138.

Case No. 3:23-cv-00254-SLG, *Vail v. Elmore, et al.*
Screening Order
Page 10 of 14
Case 3:23-cv-00254-SLG   Document 6   Filed 04/19/24   Page 10 of 14

application of the policy defeats the rational relationship between the policy and the government's asserted justification.

## CONCLUSION

For the reasons above, the Complaint is dismissed for failure to state a claim. However, Plaintiff is accorded **60 days** from the date of this order to file an amended complaint. An amended complaint replaces the prior complaint in its entirety.[43] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[44] An amended complaint need not contain legal research or analysis, but each claim must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. An amended complaint should not contain a narrative. Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims. An amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that the plaintiff is alleging has occurred, (2)

---

[43] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[44] Fed. R. Civ. P. 8(a)(2).

Case No. 3:23-cv-00254-SLG, *Vail v. Elmore, et al.*
Screening Order
Page 11 of 14
Case 3:23-cv-00254-SLG   Document 6   Filed 04/19/24   Page 11 of 14

when that injury occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury. Plaintiff should attach to the amended complaint the grievance(s) he submitted to the institution that challenged the phone restriction and the institution's response(s) to that challenge.

**IT IS THEREFORE ORDERED:**

1. The Complaint at Docket 1 is **DISMISSED** for failure to state a claim upon which relief can be granted. However, the Court grants Plaintiff leave to file an amended complaint.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>First Amended Complaint</u>, in which Plaintiff restates his claims for damages to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 60 days** from the date of this order, this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff. This dismissal would count as a "strike" against Plaintiff

Case No. 3:23-cv-00254-SLG, *Vail v. Elmore, et al.*
Screening Order
Page 12 of 14
Case 3:23-cv-00254-SLG    Document 6    Filed 04/19/24    Page 12 of 14

under § 1915(g).⁴⁵ A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

4. Plaintiff's application to waive prepayment of the filing fee at Docket 4 is **GRANTED.**

5. The Court cautions that prisoners may only waive *prepayment* of the filing fee. Should Plaintiff's claims pass through the required statutory screening the Court shall issue a separate fee order that shall collect the entire filing fee incrementally from Plaintiff's prisoner trust account.⁴⁶

6. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.⁴⁷ Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address,

---

[45] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

[46] 28 U.S.C. § 1915(b) ("if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

[47] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Alaska District Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:23-cv-00254-SLG, *Vail v. Elmore, et al.*
Screening Order
Page 13 of 14
Case 3:23-cv-00254-SLG   Document 6   Filed 04/19/24   Page 13 of 14

and its effective date.[48] The Notice shall not include requests for any other relief. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

8.  With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 19th day of April 2024, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[48] See Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:23-cv-00254-SLG, *Vail v. Elmore, et al.*
Screening Order
Page 14 of 14
Case 3:23-cv-00254-SLG   Document 6   Filed 04/19/24   Page 14 of 14